IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ANTONIO JACKSON, | : | |
| Plaintiff | : | |
| VS. | : | |
| VALDOSTA, LOWNDES COUNTY, | : | NO. 7:06-cv-104 (HL) |
| Defendants | : | **O R D E R** |

Plaintiff **ANTONIO JACKSON**, a prisoner at the Whitworth Parole Center in Hartwell, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (Tab # 1). Based on plaintiff's submissions, the Court finds that plaintiff is unable to pay the prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

## *I. STANDARD OF REVIEW*

### *A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by

prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Neitzke, 490 U.S. at 327 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### *B. General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff files this section 1983 action against "Valdosta, Lowndes County." Although plaintiff alleges additional facts in the present case and names a new defendant, plaintiff's claim is essentially the same as that asserted in a prior section 1983 case filed by plaintiff in this Court.

*Jackson v. Doe, et al.*, 7:02-cv-98 (CAR) ("*Jackson I*"). Plaintiff's facts are as follows:

In December 1994, plaintiff pleaded guilty to forgery in the Lowndes County Superior Court. By order dated December 21, 1994, Judge Harry Altman, II, sentenced plaintiff to 10 years in prison, which sentence was to run "**consecutive** to any sentence or revocation presently serving." (Exhibit to plaintiff's current complaint). On December 28, 1994, Judge Altman issued an order revoking 10 years of probation that plaintiff received in 1993 and directing that plaintiff serve the remainder of the 1993 sentence "**concurrently** with any other sentence" presently being served by plaintiff. (Exhibit 1 to plaintiff's habeas petition filed in *Jackson v. Georgia Board of Pardons & Paroles*, 7:05-cv-100 (HL) ("*Jackson II*")).

Apparently based on Judge Altman's December 28th revocation order, plaintiff alleges that the December 21, 1994, sentence should have been **concurrent** with plaintiff's 1993 sentence. Plaintiff apparently wrote many letters to Lowndes County court personnel pointing out this error, but no action was taken. Plaintiff claims that in 1997 he received a letter from the Georgia Board of Pardons and Paroles stating that plaintiff had "made parole on the first 10 years and was starting to serve time on the second 10 year sentence." Plaintiff was paroled on the second sentence in May or June 2001. According to plaintiff, he was convicted again in December 2002 on drug-related charges, and sentenced to 40 years, split with 8 years to serve and 32 years probation. Plaintiff was paroled from prison on October 26, 2004. He was again arrested and charged with violating the conditions of his parole, based on new charges of forgery, on May 26, 2005. (Petition in *Jackson II*).

In *Jackson I*, Judge C. Ashley Royal denied plaintiff's claim for monetary damages and relief

3

from his alleged illegal sentence. Noting that plaintiff's sentence had yet to be overturned, Judge Royal found that the Supreme Court's decision in ***Heck v. Humphrey***, 512 U.S. 477 (1994), barred plaintiff's claim for damages. Judge Royal further found that to have his sentence altered or receive release from prison, plaintiff must file a petition for writ of habeas corpus rather than a section 1983 action.

In the instant lawsuit, plaintiff submits a July 21, 2005, order from Judge Altman amending the December 21, 1994 order, to read that plaintiff's sentence should be "**concurrent** with any sentence or revocation presently serving." Plaintiff alleges that because of Judge Altman's sentencing error, plaintiff had to serve an "extra 3 years and 3 months" in prison. Plaintiff further appears to allege that his current sentence is invalid because of the 1994 error.

As relief, plaintiff asks that this Court "declare the entire sentence illegal" and award plaintiff $1.4 million dollars in damages for his mental stress and anger.

## III. DISCUSSION

As an initial matter, the Court notes that plaintiff has not named the proper defendant. A municipality is liable for damages only if plaintiff can show that the alleged constitutional deprivation occurred as a direct result of its official policies or customs. ***Kilgo v. Ricks***, 983 F.2d 189, 194 (11th Cir. 1993). Here, plaintiff has not alleged that any municipal policy or custom led to the violation of his constitutional rights. Therefore, any claim of municipal liability against "Valdosta, Lowndes County" is without merit.

Moreover, even if plaintiff had named the Georgia Board of Pardons and Paroles as a defendant, plaintiff's claim would be without merit. The Supreme Court of the United States has

recognized that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1970). In *Sultenfuss v. Snow*, 35 F.3d 1494 (11th Cir. 1994), *cert. denied*, 513 U.S. 1191 (1995), the Eleventh Circuit held that Georgia's parole system does not create a constitutionally protected liberty interest in parole. Because the Georgia parole system does not create a constitutional due process interest that would confer upon plaintiff an expectation of a particular outcome in his parole decision, the Board's failure to parole plaintiff before the expiration of either the 1993 or 1994 sentence did not violate plaintiff's rights under the Due Process Clause of the Fourteenth Amendment. Although plaintiff may believe that he is entitled to parole, the Board has broad discretion to require plaintiff to serve his entire sentence in prison. *See generally Jones v. Georgia St. Bd. of Pardons & Paroles*, 59 F.3d 1145, 1150 (11th Cir. 1995). The Board could have required plaintiff to serve the entire 10 years of his 1994 sentence. Instead, the Board chose to release plaintiff in 2001.

To the extent that plaintiff asks this Court to declare his sentence invalid, he attacks the legality of his conviction, sentence, and/or present confinement. Claims attacking the legality of a conviction and sentence must be presented in a petition for writ of habeas corpus following the exhaustion of state court remedies, not in a federal civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14 (1973) (challenges to duration or fact of confinement, as opposed to conditions of confinement, are cognizable solely by petition for writ of habeas corpus). Moreover, although plaintiff could challenge his sentence in a federal habeas petition, he cannot do so until he has exhausted his state court remedies. As of July 2006, plaintiff has yet to present his claims to the state

courts for review. *See Jackson II*.

## IV. CONCLUSION

Based on the foregoing, the complaint against the defendant should be **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 6th day of December, 2006.

                                            **s/   Hugh Lawson**
                                            HUGH LAWSON
                                            UNITED STATES DISTRICT JUDGE

cr